J-S28016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JON DENNIS | : | |
| | : | |
| Appellant | : | No. 26 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 20, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001356-2019,
CP-35-CR-0001435-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JON DENNIS | : | |
| | : | |
| Appellant | : | No. 27 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 20, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001435-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JON DENNIS | : | |
| | : | |
| Appellant | : | No. 87 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 20, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001356-2019

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 11, 2020**

Appellant, Jon Dennis, appeals from the judgment of sentence entered on November 20, 2019, as made final by the denial of Appellant's post-sentence motion on November 26, 2019. In this direct appeal, Appellant's court-appointed counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. We, therefore, grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The pertinent facts and procedural history of this case are as follows. On July 24, 2019, Appellant entered a guilty plea at CP-35-CR-0001435-2019 (19-CR-1435) to one count of disorderly conduct, 18 Pa.C.S.A. § 5503, and one count of false identification to law enforcement, 18 Pa.C.S.A. § 4914. The events that gave rise to the guilty pleas entered at 19-CR-1435 occurred on April 3, 2019, at which time Appellant resisted removal from his vehicle and gave a false identity to law enforcement officers after he was informed that he was the subject of a criminal investigation. In addition, on July 24, 2019, Appellant pled guilty at CP-35-CR-0001356-2019 (19-CR-1356) to one count of delivery of a controlled substance, 35 P.S. § 780-113(a)(30). The events

that lead to Appellant's guilty plea at 19-CR-1356 took place on June 3, 2019, when police officials observed Appellant deliver a quantity of methamphetamine to a confidential informant in exchange for United States currency.

The trial court convened a sentencing hearing on November 20, 2019. At the hearing, counsel for Appellant advised the court about Appellant's struggles with drug addiction and mental health issues. In addition, counsel introduced two character letters submitted on Appellant's behalf that addressed Appellant's commitment to recover from drug use. After hearing arguments from counsel, considering a presentence investigation ("PSI") report, and reviewing Appellant's past contacts with law enforcement, including his failure to comply with the terms of a sentence of intermediate punishment, the trial court imposed sentence. At 19-CR-1356, the court ordered Appellant to serve 18 to 36 months in state confinement for delivering a controlled substance. At 19-CR-1435, the court sentenced Appellant to serve four to 12 months in state prison for falsely identifying himself to law enforcement. Lastly, the court directed that Appellant serve two to 12 months in state incarceration for disorderly conduct. All of the sentences, which fell toward the upper end of the standard guideline range for each offense, were set to run consecutively to each other. Hence, Appellant received an aggregate term of 24 to 60 months of state confinement.

Appellant filed a post-sentence motion alleging that his sentence was excessive on November 25, 2019. The trial court denied the motion on

November 26, 2019.  On December 20, 2019, Appellant's counsel filed a single notice of appeal with both trial court docket numbers in its caption, which was docketed in this Court at 26 MDA 2020.  On December 26, 2019, counsel filed a second notice of appeal, with only docket number 19-CR-1435 in its caption, which was docketed in this Court at 27 MDA 2020.  On January 10, 2020, counsel filed a third notice of appeal, titled "Amended Notice of Appeal," with only trial court docket number 19-CR-1356 in its caption.  The notice was docketed in this Court at 87 MDA 2020.

Appellant filed the appeals docketed in this Court at 26 MDA 2020 and 27 MDA 2020 within 30 days of the denial of his post-sentence motion.  As such, these appeals were timely and we possess jurisdiction over the appeals at those dockets.  **See** Pa.R.A.P. 903(a) (notice of appeal must be filed within 30 days of entry of order from which appeal is taken); **see also** Pa.R.Crim.P. 720(A)(2)(a) (notice of appeal must be filed within 30 days of entry of order deciding timely post-sentence motion).  Moreover, since Appellant filed notices of appeal at each trial court docket pertaining to his November 20, 2019 judgment of sentence, his appeal is compliant with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases" pursuant to Pa.R.A.P. 341 and its note).[1]  The

_____

[1] On July 9, 2020, an *en banc* panel of this Court decided **Commonwealth v. Johnson**, 2020 WL 3869723 (Pa. Super. 2020) (*en banc*) concerning the

appeal docketed in this Court at 87 MDA 2020 was filed more than 30 days after the disposition entered on Appellant's post-sentence motion. Because that appeal is untimely, we lack jurisdiction in that case and direct that the appeal be quashed.[2]

On appeal, the **Anders** brief raises a single claim:

Whether the trial court abused its discretion when it imposed unreasonable, harsh, and excessive sentences on all of the charges?

Anders Brief at 4 (complete capitalization omitted).

Before reviewing the merits of this appeal, this Court must first determine whether appointed counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. **Commonwealth v. Miller**, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under **Anders**, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous."

---

proper application of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) in light of **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019) (reading **Walker** as a mandate to quash appeal unless notice of appeal contains only one trial court docket number). The **Johnson** Court expressly overruled **Creese**, **supra** and held that as long as the appellant files a separate notice of appeal at each trial court docket, "[t]he fact that the notices [of appeal] contained [more than one trial court docket number] is of no consequence." **Id.** at *11. Accordingly, we decline to quash the instant appeal.

[2] Both Appellant and the trial court have complied with the requirements set forth at Pa.R.A.P. 1925.

*Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5; *see also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the *Anders* procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues

of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them."). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In this case, counsel complied with all of the above procedural obligations.[3] We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our review begins with the claim raised in the *Anders* brief.

Essentially, Appellant challenges the trial court's decision to impose his sentences at each docket consecutively, rather than concurrently. Specifically, Appellant claims that the imposition of consecutive sentences at the high end of the standard guidelines range for all three offenses was unwarranted under the facts of this case. *Anders* Brief at 7. In addition, counsel points out that Appellant largely served his prior sentences without incident and that his crimes stemmed from his addiction to narcotics. *Id.*

Appellant's issue implicates the discretionary aspects of sentencing. As this Court previously explained:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

---

[3] On August 4, 2020, Appellant filed a *pro se* response to counsel's letter and the *Anders* brief. The response did not raise a specific challenge to counsel's submissions.

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (internal case citations omitted).

Appellant has fulfilled the first, second, and third requirements of the above-mentioned four-part test. A challenge to the imposition of consecutive sentences, however, does not usually raise a substantial question. Indeed, this Court previously explained:

Under 42 Pa.C.S.A. § 9721, the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question. ***Commonwealth v. Pass***, 914 A.2d 442, 446–447 (Pa. Super. 2006). The imposition of consecutive, rather than concurrent sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment. ***Id.*** (holding challenge to court's imposition of sentence of six [] to [23] months['] imprisonment and sentence of one [] year probation running consecutive, did not present substantial question). ***Compare*** [***Commonwealth v. Dodge***, 957 A.2d 1198 (Pa. Super. 2008), *appeal denied*, 980 A.2d 605 (Pa. 2009)] (holding imposition of consecutive sentences totaling 58 ½ to 124 years['] imprisonment for [37] counts of theft-related offenses presented a substantial question because total sentence was essentially life sentence for [a 42-year-old] defendant who committed non-violent offenses with limited financial impact).

***Commonwealth v. Moury***, 992 A.2d 162, 169 (Pa. Super. 2010)

Following our decision in **Dodge**, we have made clear that a challenge to the consecutive nature of standard sentences does not always raise a substantial question. **See Commonwealth v. Gonzalez–Dejesus**, 994 A.2d 595, 598 (Pa. Super. 2010) (imposition of consecutive as opposed to concurrent sentences does not ordinarily raise a substantial question that justifies allowance of appeal). Instead, we examine such claims on a case-by-case basis. **Id.** This Court has determined that "the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears on its face to be, an excessive level in light of the criminal conduct at issue in the case." **Id.** at 598–599. Based upon our review, Appellant's sentence is not facially excessive in light of his criminal conduct.

Our conclusion is based primarily on the trial court's imposition of standard-range sentences following its review of a PSI report. "[W]here the sentencing court imposed a standard-range sentence with the benefit of a [PSI] report, we will not consider the sentence excessive." **Commonwealth v. Corley**, 31 A.3d 293, 298 (Pa. Super. 2011) (citation omitted). "In those circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Id.** (citation and internal quotation omitted). In this case, the trial court had the benefit of a PSI report before fashioning standard range, consecutive sentences. Finally, even if we were to find that Appellant raised a substantial question, we would

not agree that the trial court abused its discretion in imposing the sentence challenged in this case.

Accordingly, based upon all of the foregoing, we conclude that Appellant has not raised a substantial question. Even if he had, we would conclude that his discretionary sentencing claim is devoid of merit. Thus, we agree with counsel that Appellant's claims are frivolous.

In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw from representation granted. Judgment of sentence affirmed. Appeal docketed at 87 MDA 2020 is quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/11/2020

- 10 -